## MALLICOTT et al. v. CITIZENS' STATE BANK OF DENISON. (No. 11106.)

(Court of Civil Appeals of Texas. Fort Worth. March 28, 1925. Rehearing Denied May 2, 1925.)

Bills and notes ⊂⊃351—Purchaser of note after maturity not entitled to recover on indorsement of owner, from whom holder had wrongfully withheld possession.

Where owner of note was entitled to its return under agreement to exchange securities, purchaser, after maturity and with full notice of claim of ownership, from holder, who had wrongfully refused to return it to owner, *held* not entitled to recover on indorsement of owner, but judgment should have been entered for owner as against makers.

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Action by the Citizens' State Bank of Denison against R. S. Mallicott and others. Judgment for plaintiff, and defendants appeal. Reversed, and decree rendered in favor of defendants Dave and George Light, and against defendant R. S. Mallicott and others.

Sullivan, Speer & Minor, of Denton, for appellants.

Owsley & Owsley, of Denton, and R. W. Stoddard, of Denison, for appellee.

DUNKLIN, J. The Citizens' State Bank of Denison, Tex., instituted this suit against R. S. Mallicott, R. M. Mallicott, and G. S. Mallicott, and against George and Dave Light as partners, doing a general banking business under the firm name of Farmers' & Merchants' Bank of Pilot Point. The suit was upon a promissory note for the principal sum of $3,082.16, executed by the Mallicotts and made payable to the Farmers' & Merchants' Bank of Pilot Point, Tex. It was dated January 8, 1921, and matured June 8, 1921, and drew interest at the rate of 10 per cent. per annum from maturity. The note bore the following indorsement on the back thereof:

"Presentation, protest, and notice of protest waived. The Farmers' & Merchants'

Bank (unincorporated), Pilot Point, Texas, by Joe B. Burks, Vice President."

It was alleged in the petition that the note was indorsed and transferred to the Denison Bank & Trust Company, a corporation incorporated under the banking laws of the state of Texas, which was doing business in the town of Denison, and that by the indorsement the Farmers' & Merchants' Bank of Pilot Point guaranteed the payment of the note to the indorsee. It was further alleged that thereafter, and on or before July 15, 1921, which date was after the note matured, the Denison Bank & Trust Company became insolvent and ceased to do business and its affairs were taken over by the commissioner of banking and insurance of the state of Texas, and afterwards, on September 7, 1921, the commissioner sold and assigned the note, together with all other assets of the defunct bank, to the plaintiff, which sale was duly confirmed by order of the district court.

It was further alleged that the makers of the note executed a chattel mortgage upon certain personal property to secure the same, and delivered the same to the payee when the note was executed.

It was further alleged that in June, 1920, the defendants George and Dave Light sold all property belonging to the Farmers' & Merchants' Bank of Pilot Point to J. W. Gilliland and Tom F. Rogers; and they in June, 1921, sold and reconveyed the same property back to the said Lights, who, in consideration of the sale, and in their partnership name of Farmers' & Merchants' Bank of Pilot Point, bound themselves to pay off and discharge all the obligations of that bank which were then existing and outstanding, including the note herein sued on, which had theretofore been transferred to the Denison Bank & Trust Company. The Mallicotts filed an answer, admitting the execution of the note and chattel mortgage alleged in plaintiff's petition, and alleging that they were ready to pay the same whenever the court should determine the ownership of the note; further alleging in that connection that there is a controversy between the plaintiff and the Farmers' & Merchants' Bank of Pilot Point as to such ownership.

The defendants George and Dave Light alleged ownership of the note sued on and the right to its possession, and prayed for a judgment in their favor for the amount due thereon. They alleged that during the month of March, 1921, the Denison Bank & Trust Company became financially embarrassed, and, in order to relieve that situation, Tom Rogers and O. R. Nicholson, its president and vice president, respectively, entered into an agreement with the duly authorized representatives of the Farmers' & Merchants' Bank of Pilot Point, under the terms of

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which the latter bank loaned to the Denison Bank certain of its bills receivable, including the note in controversy in this suit, in consideration for the deposit with the lender by the Denison Bank of a list of its notes, including one for $15,000, signed by J. J. McCook and Ivy Johnson, indorsed by Tom Rogers and O. R. Nicholson, with collateral security attached consisting of capital stock of the Eliasville, Texas, bank stock. It was agreed between the parties to that transaction that the Farmers' & Merchants' Bank of Pilot Point would return to the Denison Bank the assets so received by it when demanded, and the Denison Bank agreed that it would then likewise return to the Pilot Point Bank the notes they had so loaned, including the note in controversy in this suit. It was alleged that the Pilot Point Bank did, in compliance with its agreement, return to the Denison Bank all the notes it had received from it in said exchange, but that the Denison Bank had failed and refused to return the notes which it had received from the Pilot Point Bank.

The case was tried before the court without the aid of a jury, and the following findings of fact and conclusions of law were filed by the trial judge:

"(1) Plaintiff is an incorporated banking institution, doing business at Denison, Texas; the defendant Farmers' & Merchants' Bank is a partnership banking institution, doing business at Pilot Point, Texas, and is owned by George Light and Dave Light; the other defendants are individuals.

"(2) That from January 1, 1921, to July 15, 1921, the Denison Bank & Trust Company was a banking institution, duly incorporated and doing business at Denison, Texas, of which institution T. F. Rogers was president and O. R. Nicholson was vice president. That from June, 1920, to June, 1921, T. F. Rogers and John W. Gilliland were the owners of the Farmers' & Merchants' Bank of Pilot Point, and that during this period of time T. F. Rogers was the general manager of the said Farmers' & Merchants' Bank of Pilot Point, and the president thereof, and that during said time Joe B. Burks was vice president and active manager thereof.

"(3) That on January 8, 1921, R. S. Mallicott, R. M. Mallicott, and G. S. Mallicott executed and delivered to the Farmers' & Merchants' Bank of Pilot Point their promissory note for the sum of $3,082.16, with 10 per cent. interest, and containing the usual provisions for attorney's fees, etc., which note was due June 8, 1921. That this is the note sued on herein.

"(4) That in the month of February, 1921, an agreement was made by and between Joe B. Burks, acting for the Farmers' & Merchants' Bank and T. F. Rogers, acting for the Denison Bank & Trust Company, whereby the note of T. F. Rogers and O. R. Nicholson for the sum of $15,000 was to be received by the Farmers' & Merchants' Bank in exchange for a list of customers' notes. That the note of Rogers and Nicholson had attached to it as collateral a note for $15,000, executed by Ivy Johnson and J. J. McCook, and also 103 shares of Eliasville bank stock. That in compliance with this agreement the note of Rogers and Nicholson was sent to the Farmers' & Merchants' Bank, and was placed in its note case, together with the collateral attached thereto, and that the Farmers' & Merchants' Bank sent to the Denison Bank & Trust Company a list of customers' notes aggregating in value a little more than $15,000, of which list the note herein sued on was one. That under the terms of the agreement between the representatives of the two banks, the Denison Bank & Trust Company was to hold the customers' notes until the note executed by Rogers and Nicholson, with the collateral attached thereto, was returned to it by the Farmers' & Merchants' Bank of Pilot Point. That about March 29th, 1921, the note of Rogers and Nicholson, with the collateral attached to it, was returned by the said Farmers' & Merchants' Bank to the Denison Bank and Trust Company at the request of T. F. Rogers, and under the terms of the agreement between Rogers and Burks the said Farmers' & Merchants' Bank was then entitled to receive back the customers' notes sent to the Denison Bank & Trust Company.

"(5) That the note herein sued on was indorsed by the Farmers' & Merchants' Bank before it was forwarded to the Denison Bank & Trust Company, and the former bank thereby became liable for its payment. That the Denison Bank & Trust Company never returned the notes sent to it by the Farmers' & Merchants' Bank, although its officers were requested so to do.

"(6) That in June, 1921, the Farmers' & Merchants' Bank was sold by Rogers and Gilliland to George and Dave Light, by the terms of which sale the said George Light and Dave Light assumed the payment of all outstanding notes and rediscounted paper. That the customers' notes, including the one herein sued on, was still in the possession of the Denison Bank & Trust Company. That the said Denison Bank & Trust Company closed its doors about the 15th day of July, 1921, and all its assets were taken over by the state banking department; that on the 7th day of September, 1921, the banking commissioner of Texas sold all the assets of the said Denison Bank & Trust Company to the plaintiff banking company, and that included in the assets was the note herein sued on.

"(7) That the plaintiff bank and its officers had full notice of the claim of the Farmers' & Merchants' Bank on the note herein sued on and the other customers' notes delivered to the Denison Bank & Trust Company by the said Farmers' & Merchants' Bank, and that the said plaintiff bank was not an innocent purchaser for value without notice of the claim of said Farmers' & Merchants' Bank.

### "Conclusions of Law.

"I conclude as a matter of law that the said George Light and Dave Light are liable for the payment of the note herein sued on, because they assumed the payment of all outstanding notes in their contract of purchase from Rogers and Gilliland of the Farmers' & Merchants' Bank of Pilot Point."

It thus appears from the court's findings that, as between the Denison Bank & Trust

Company and the Farmers' & Merchants' Bank of Pilot Point, the former was not the owner of the note sued on at the time it became bankrupt, but that the same in fact belonged to the Farmers' & Merchants' Bank of Pilot Point; and that the Farmers' & Merchants' Bank was not legally liable to the other bank by reason of the indorsement of the note. And since that indorsement was not one of its liabilities, Dave and George Light did not assume the payment of the note when that bank was purchased by them. It also appears that the plaintiff bank purchased the note from the banking commissioner after its maturity, and with full notice of the claim of ownership of the note by the Farmers' & Merchants' Bank of Pilot Point.

Under the facts so found by the trial judge, judgment should have been rendered denying plaintiff any relief, and in favor of the Farmers & Merchants' Bank of Pilot Point for title to and for recovery on the note in controversy.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered for appellants Dave and George Light, composing the partnership firm of the Farmers' & Merchants' Bank of Pilot Point, Tex., decreeing in them the title to the note sued on by plaintiff, and awarding to them a recovery thereon against R. S. Mallicott, R. M. Mallicott, and G. S. Mallicott, defendants in the trial court, for the amount shown to be due on said note, with a foreclosure of the chattel mortgage executed to secure payment thereof, alleged in plaintiff's petition.

All costs incurred in the trial court and in this court are taxed against appellee Citizens' State Bank of Denison.